UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEVIN T WHITE,

          Petitioner,

                                                                Case No. 19-cv-1050-bhl

    v.

BRIAN FOSTER,

          Respondent.

## ORDER DENYING §2254 HABEAS PETITION

      The United States criminal justice system is premised on the notion that it is a greater evil to convict an innocent man than to let a guilty man go free. From this basic principle, we derive the requirement of proof beyond a reasonable doubt. *See In re Winship*, 397 U.S. 358, 372 (1970) (Harlan, J., concurring). In other words, to prevent bycatch of innocent men, the law permits conviction only where the State has proven all elements of a crime with a high degree of certainty. Habeas petitioner Devin T. White argues that the jury instructions that precipitated his first-degree reckless homicide conviction failed to adhere to this bedrock principle. But because the only alleged defect in those instructions dealt with self-defense (not an element of the crime charged), his claim is not cognizable in federal habeas. His petition must, therefore, be denied.

## BACKGROUND

      On November 21, 2010, around 2:30 a.m., Devin White and Montrealle Jackson exchanged gunfire outside of a Milwaukee nightclub. (ECF No. 9 at 2.) White was shot in the shoulder, and Jackson was shot in the head and died in the street. (*Id.*) The State charged White with first-degree reckless homicide pursuant to Wis. Stat. Section 940.02(1) and second-degree reckless homicide, a lesser included offense. (ECF No. 8-4 at 58.) White pleaded not guilty and testified that he acted in self-defense. (ECF No. 9 at 2.) The State theorized that White shot first, and Jackson managed to return fire before he collapsed. (*Id.*)

      The jury instructions explained that "the State must prove every element of the offense charged beyond a reasonable doubt." (ECF No. 8-4 at 57.) They listed elements common to first-

and second-degree reckless homicide and explained that self-defense could negative either. (*Id.* at 58-59.) They then provided the definition of first-degree reckless homicide under a heading: "Statutory Definition of First Degree Reckless Homicide." (*Id.* at 61.) Under the next heading, "State's Burden of Proof," the instructions cautioned that, before a jury can find a defendant guilty, "the State must prove by evidence which satisfies you beyond a reasonable doubt that the following three elements were present." (*Id.*) The subsequent heading, "Elements of First Degree Reckless Homicide That the State Must Prove," listed the three elements and told the jury to consider evidence relating to self-defense. (*Id.* at 61-62.)

The instructions then directed the jurors to consider the lesser included offense of second-degree reckless homicide, but only if unable to unanimously agree on the first-degree charge. (*Id.* at 62.) The instructions again provided the definition of the relevant charge under the heading "Statutory Definition of Second Degree Reckless Homicide." (*Id.* at 63.) The next heading, "Difference Between First and Second Degree Reckless Homicide" explained that the State did not need to prove utter disregard for human life to convict on the second-degree offense. (*Id.*) The subsequent heading, "State's Burden of Proof," informed the jury for the first and only time that the "State must prove by evidence which satisfies you beyond a reasonable doubt that the defendant did not act lawfully in self-defense." (*Id.*)

The jury returned a guilty verdict on the first-degree reckless homicide charge. (ECF No. 1 at 2.) White filed a post-conviction motion for a new trial with the Wisconsin Circuit Court, arguing that he received ineffective assistance of counsel because his attorney did not object to the jury instructions, which had relegated the State's burden to disprove self-defense beyond a reasonable doubt to a portion of the instructions that the jurors had no reason to reach. (ECF No. 9 at 7.) The circuit court held that the jury was properly instructed and denied the motion. (*Id.*) White raised the same argument before the Wisconsin Court of Appeals, which affirmed the circuit court's ruling. (*Id.*) After the Wisconsin Supreme Court denied his petition for review, White filed his habeas petition with this Court. (*Id.*)

## LEGAL STANDARD

To obtain federal habeas relief, White must prove that his state court custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). To carry this burden, he must show that the Wisconsin courts rejected his claims "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States," 28 U.S.C. §2254(d)(1), or "in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(2). In addition, he must show that the constitutional errors he identifies caused his conviction. *Engle v. Isaac*, 456 U.S. 107, 134-35 (1982).

## ANALYSIS

White argues that the jury instructions in his case failed to apprise the jurors of the State's burden to disprove self-defense beyond a reasonable doubt, so his attorney's failure to object to those instructions constitutes a structural error necessitating habeas relief. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (holding that a defendant receives ineffective assistance of counsel when counsel's performance is deficient and such performance prejudices the defendant); *Weaver v. Massachusetts*, 137 S. Ct. 1899, 1908 (2017) (holding that the absence of a reasonable-doubt instruction is a structural error that always results in a fundamentally unfair trial). The Wisconsin Court of Appeals determined that the jury instructions were proper, so failure to object to them did not represent deficient performance. Because that decision was the last to consider "the merits of the petitioner's claim," *Charlton v. Davis*, 439 F.3d 369, 374 (7th Cir. 2006) (citation omitted), this Court must review it, applying Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) deference, unless the decision was contrary to federal law. *Mosley v. Atchison*, 689 F.3d 838, 844 (7th Cir. 2012).

### I. A State Court's Alleged Failure to Properly Instruct on the Burden of Self-Defense is Not Cognizable in Federal Habeas Proceedings.

The fundamental flaw with White's petition is that it does not identify a "violation of the Constitution or laws or treaties of the United States." While due process requires the State to prove all elements of an offense beyond a reasonable doubt, self-defense is not an element of reckless homicide. *See Gladney v. Pollard*, 799 F.3d 889, 892 (7th Cir. 2015) (noting that, under Wisconsin state law, self-defense is a *defense* to a homicide charge). And the Supreme Court has explicitly declined "to adopt as a constitutional imperative . . . that a State must disprove beyond a reasonable doubt every fact constituting any and all affirmative defenses related to the culpability of an accused." *Patterson v. New York*, 432 U.S. 197, 210 (1977). In other words, a state may not require a criminal defendant to prove his innocence beyond a reasonable doubt because such a requirement would run afoul of the Due Process Clause. A state can, however, allocate the burden to prove an affirmative defense to either party. If a state trial court then misattributes that burden,

that is an error of state law for which federal habeas corpus cannot lie. *King v. Pfister*, 834 F.3d 808, 814 (7th Cir. 2016).

White's petition is technically cast as an ineffective-assistance-of-counsel claim, contingent upon trial counsel's failure to object to the allegedly defective jury instructions, but that is little more than an impermissible collateral attack on a Wisconsin state court's application of state law. *See Harper v. Brown*, 865 F.3d 857, 861 (7th Cir. 2017) (holding that a federal habeas petitioner cannot bootstrap a perceived error of state law by stylizing his claim as one for ineffective assistance of counsel). "[A] 'claim that [a] state court misunderstood the substantive requirements of state law does not present a claim under § 2254.'" *Pfister*, 834 at 814 (quoting *Bates v. McCaughtry*, 934 F.2d 99, 102 (7th Cir. 1991)). It is therefore possible that the trial court issued defective jury instructions in White's case. Those instructions were not, however, *constitutionally* defective, so White's attorney's failure to object to them cannot form the basis for federal habeas relief. *See Miller v. Zatecky*, 820 F.3d 275, 277 (7th Cir. 2016).

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that White's petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254 is **DENIED**, and the case is **dismissed**. The Clerk of Court is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that a certificate of appealability **SHALL NOT ISSUE** because the Court does not find that any reasonable jurist could debate the petition should have been resolved in a different manner. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated at Milwaukee, Wisconsin on May 18, 2022.

                                                                                      s/ *Brett H. Ludwig*
                                                                                      BRETT H. LUDWIG
                                                                                      United States District Judge