UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEVIN T WHITE,

        Petitioner,

  v.

Case No. 19-cv-1050-bhl

BRIAN FOSTER,

        Respondent.

## ORDER DENYING MOTION FOR RECONSIDERATION

Petitioner Devin T. White seeks reconsideration of this Court's Order, (ECF No. 15), denying his petition for the writ of habeas corpus under 28 U.S.C. Section 2254 and declining to issue a certificate of appealability. (ECF No. 17.) The Court concluded that an allegedly improper jury instruction on the burden of self-defense represented, at worst, an error of state law not subject to constitutional due process analysis and therefore not cognizable in federal habeas. (ECF No. 15 at 3-4.) Finding no reason to upset that conclusion, the motion for reconsideration will be denied.

White's petition argued that he was denied due process because the jury instructions in his case failed to ensure that the State disproved self-defense beyond a reasonable doubt. (ECF No. 1.) Due process requires a State to prove all elements of a crime charged beyond a reasonable doubt. *See In re Winship*, 397 U.S. 358, 362 (1970). But the same requirement does not apply to affirmative defenses. *See Patterson v. New York*, 432 U.S. 197, 210 (1977) ("Proof of the nonexistence of all affirmative defenses has never been constitutionally required"). It follows that a State violates the United States Constitution when it convicts a defendant without proving all elements of a crime beyond a reasonable doubt, but the State cannot commit a *constitutional* violation if it makes an insufficient showing with respect to an affirmative defense on which it bears the burden. *See Engle v. Isaac*, 456 U.S. 107, 120 (1982) (noting that the "constitutional duty to negate affirmative defenses [depends], at least in part, on the manner in which the State defines the charged crime"). So instructions that, at worst, create a risk that the jury will fail to

consider evidence related to an affirmative defense do not implicate due process. *See Gilmore v. Taylor*, 508 U.S. 333, 343 (1993). In sum, this means that a State need not treat the absence of self-defense as an element of an offense, and if it does not, then an error assigning the burden of proof is not one to which *Winship* applies. *See Engle*, 456 U.S. at 120-21. It is undisputed that self-defense is not an element of reckless homicide under Wisconsin law. *Gladney v. Pollard*, 799 F.3d 889, 892 (7th Cir. 2015). That does not absolve the State of its burden to disprove self-defense beyond a reasonable doubt, but it does mean that an error that relieves the State of that burden is not one with constitutional dimensions. *See Carter v. Jago*, 637 F.2d 449, 454 (6th Cir. 1980) ("unless expressly defined by statute, material elements do not include the nonexistence of a fact which, if proven, would constitute a statutory defense"). And federal habeas only applies when a petitioner is in state custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a); *King v. Pfister*, 834 F.3d 808, 814 (7th Cir. 2016) (holding that errors of state law are not cognizable in federal habeas).

White argues that *Brown v. Jess*, 521 F. Supp. 3d 792 (W.D. Wis. 2021), currently on appeal before the Seventh Circuit, compels a different conclusion. In *Brown*, the district court denied habeas relief based on a failure to give the self-defense castle-doctrine instruction because the claim was not a constitutional one. *Id.* at 800. But the Court did issue a certificate of appealability. *Id.* at 803. At oral argument on appeal, one of the judges apparently questioned the application of the due process clause to an instructional error relating to an affirmative defense. *Brown*, No. 21-1515, argument at 17:25. That question during oral argument did not change Supreme Court law on the issue in this case. Wisconsin law does not define self-defense as an element of reckless homicide, and this Court is in no position to declare that it must as a matter of constitutional jurisprudence. *See McMillan v. Pennsylvania*, 477 U.S. 79, 85 (1986) ("*Patterson* stressed that in determining what facts must be proved beyond a reasonable doubt the state legislature's definition of the elements of the offense is usually dispositive"), *overruled* on other grounds by *Alleyne v. United States*, 570 U.S. 99 (2013). That means the propriety of jury instructions on self-defense is a question of state law, and it is not this Court's prerogative to disagree with a state court's determination of state law, nor may the Court order a prisoner released from state custody because it disagrees with a state court's application of its own law. *See Pfister*, 834 F.3d at 814.

White points to *Charlton v. Davis*, 439 F.3d 369, 373-74 (7th Cir. 2006) and *Cole v. Young*, 817 F.2d 412, 413 (7th Cir. 1987) for the proposition that "elements" refers to facts that state law requires the prosecution to prove beyond a reasonable doubt to secure a conviction. He contends that these cases establish that self-defense is an element of reckless homicide in Wisconsin because it negates recklessness. The Supreme Court has held that the elements-affirmative defense distinction is not purely formal. *See Patterson*, 432 U.S. at 210. A State may not simply restyle all elements of a crime as affirmative defenses and thereby command a presumption of guilt. *Id.* But Supreme Court caselaw also does "not suggest that whenever a State requires the prosecution to prove a particular circumstance beyond a reasonable doubt, it has invariably defined that circumstance as an element of the crime." *Engle*, 456 U.S. at 120. "A State may want to assume the burden of disproving an affirmative defense without also designating absence of the defense an element of the crime." *Id. Engle.* 456 U.S. at 120; *See also Cole*, 817 F.2d at 435-38 (Easterbrook, J., dissenting). This suggests that there are certain elements on which the State may not relieve the prosecution's burden of proof. But self-defense is not among them. *See Martin v. Ohio*, 480 U.S. 228, 235-36 (1987). If the United States Constitution does not mandate proof beyond a reasonable doubt on self-defense, then it is hard to see how an alleged mistaken jury instruction on that burden is anything other than an issue of state law. *See Id.* at 233 (holding that the state court jury instructions—which did not require the State to prove the absence of self-defense beyond a reasonable doubt—did not violate the Constitution because they did not shift the burden of proving any elements to the defendant).

The Court stands by its Order denying relief and a certificate of appealability. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for reconsideration, (ECF No. 17) is **DENIED**.

Dated at Milwaukee, Wisconsin on May 25, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge